Judge Owsley
delivered the Opinion of the Court.
The county court of Nicholas, at the May term, 1817, adjudged Hugh Bell to be the father of a bastard child, and ordered that he should pay the mother of the child, or such other person as might thereafter be appointed to receive the same, seventeen dollars and fifty cents annually, for ten years; the *486 first payment to be made the first of August, 1817. and each other instalment to be, paid the first of August annually thereafter, until the whole should be discharged.
Recognizance of Bell and his sureties.
Motion by Chapel, stating himself to be the receiver for the county, for two instalments of the maintenance money, and judgment.
Motion cannot be maintained by the nominee of the county court on the recognizance of the father of a bastard and his surety in his own name—
At the same term Hugh Bell appeared in court, and together with James Bell his surety, entered into, and acknowledged a recognizance to the Commonwealth, conditioned to perform the aforesaid order of the court.
In 1823, Chapell, in pursuance to a notice which he caused to be given to the Bells, and in which he states himself the receiver for the county court, moved the court for judgment against them for the two first instalments, which became payable in 1817 and 1818, and judgment, was accordingly rendered in favor of Chapell, for the same.
The question is, was the court correct in giving judgment in favor of Chapell?
According to the provisions of the act of Assembly concerning bastards, it is, no doubt, competent for the county court, upon proper notice, to award judgment against the Bells, for the amount of whatever may be due and payable, under the order of court and recognizance. But to authorize such a judgment, the notice and proceedings should not, we apprehend, be in the name of Chapell. If is trice, that by the order of court, Hugh Bell was directed to pay the instalments to the mother of the child, or to such other person as the court might, thereafter direct, and it may also be true, that the court has since directed the payment to be made to Chapell. But according to the provisions of the act, it became the duty of the court, after Hugh Bell was ascertained to be the father of the child, to require the amount Unit he was ordered to pay, to be secured by his entering into a bond or recognizance, with approved security; and as a recognizance was, in fact, entered into by Hugh Bell and his surety, to the Commonwealth, any proceeding against them to recover any part of the, amount secured by that recognizance, ought regularly to be in the name of the Commonwealth.
-He must proceed, as the recognizance is, in the name of the commonwealth. See 3 Monroe. 213
Triplett and Depew for plaintiff; Denny, Attorney General, for defendant.
We would not be understood to say, that if appointed by an order of court to receive the money, it would be improper for Chapell to take any steps to coerce the payment from the Bells; but it is intended to say, that if he does so, be should proceed in the name of the Commonwealth; and that he can not sustain a motion or suit in bis own name.
The judgment must, therefore, be reversed with cost, the cause remanded to the court below, and the notice and motion dismissed with cost.